UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD P. CULPEPPER, | ) |
| | ) |
| Petitioner, | ) |
| | )   No. 3:06 CV 716 |
| v. | ) |
| | ) |
| WALTER E. MARTIN, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Donald P. Culpepper, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 90 day loss of good time on August 1, 2006 in case MCF 06-07-0366 by the Disciplinary Hearing Board (DHB) at the Miami Correctional Facility. Culpepper was found guilty of using an unauthorized controlled substance in violation of Code 112. He raises four grounds in this habeas corpus petition.

First, he argues that the Conduct Report was authored by the wrong officer in violation of the Adult Disciplinary Policy. Habeas corpus relief is only available for the violation of a federal right. 28 U.S.C. § 2254(a). Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it does not dictate who must author that notice. This court cannot grant habeas corpus relief based on the violation of a prison rule, therefore in this proceeding, it is not relevant whether such a rule was violated. *See Estelle v. McGuire*, 502 U.S. 62 (1991).

Second, he argues that he requested a copy of the chain of custody report and was denied access to it without a written explanation as required by the Adult Disciplinary Policy. Again, habeas corpus relief is only available for the violation of a federal right, not a prison rule. *See* 28 U.S.C. § 2254(a) and *Estelle v. McGuire*, 502 U.S. 62 (1991). Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires that he be permitted to submit relevant exculpatory evidence, it does not entitle him to see all of the evidence against him. *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) ("no right to confront or cross-examine adverse witnesses in his disciplinary proceeding.")

Third, he argues that the author of the conduct report should not have been permitted to testify by telephone in violation of the Adult Disciplinary Policy. Again, habeas corpus relief is only available for the violation of a federal right, not a prison rule. *See* 28 U.S.C. § 2254(a) and *Estelle v. McGuire*, 502 U.S. 62 (1991). *Wolff v. McDonnell* does not prohibit telephonic testimony nor is he permitted to cross-examine adverse witnesses. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003).

Finally, he argues that there were several errors on the chain of custody report sheet.

> The chain of custody report sheet from AIT Laboratories clearly reflects a violation in chain of custody procedures. Section (5) was not signed nor dated as it must be in order for the chain of custody to be in tact. 2) There is no documentation stating what Sgt. Roberts did with it after he collected the sample. Where was the sample stored from the time collected until mailed to the lab? 3) Being that section 4 of the chain of custody sheet was not signed nor dated upon receipt at the AIT lab, there is no way to know in what condition the sample arrived at the lab. The above facts reflects that the

2

> IDOC chain of custody procedure is defective and violates due process of law guaranteed by the 14 amendment of the United States Constitution.

Petition at ¶ 12.D., docket # 1-1 at 5. These arguments about chain of custody are really challenges to the sufficiency of the evidence supporting the finding of guilt. That is to say, what Culpepper is arguing here is that because the chain of custody is incomplete, the evidence is insufficient to find him guilty.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> Absent some affirmative indication that a mistake may have been made, *e.g. Meeks [v. McBride]*, 81 F.3d [717] at 721 [(7th Cir. 1996)] (prisoner number on toxicology report did not match petitioner's number, another prisoner had same name as petitioner, and the two prisoners had been confused before), we cannot say that the toxicology report and chain of custody form fail to qualify as "some evidence" from which prison officials could conclude that Webb had used marijuana. *See United States v. Brown*, 136 F.3d 1176, 1182 (7th Cir. 1998) (hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence).

*Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000). Here, Culpepper's challenge presents no allegation that the tested sample was not his or that the DHB's decision was arbitrary. Rather, this argument presents nothing more than technical, clerical errors with which he conjectures a hypothetical possibility of tampering. Though the alleged

paperwork errors might raise questions about the weight or reliability of the test evidence, such questions are no different than asking this court to re-weigh witness testimony.

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Here, though this chain of custody might not be sufficient to support its admissibility in a court of law, due process does not set such a high standard for DHB proceedings and the test result is some evidence of guilt. *See Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt

supporting disciplinary action); *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

For the foregoing reasons, the habeas corpus petition is **DISMISSED**.

**SO ORDERED.**

**ENTER:** October 27, 2006

                                              s/James T. Moody  
                                              JUDGE JAMES T. MOODY  
                                              UNITED STATES DISTRICT COURT